■ HILLCREST GENERAL HOSPITAL — GHI, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated February 2, 1982 which affirmed a determination of the State Division of Human Rights, dated November 24, 1980, which, after a hearing, found the petitioner guilty of having unlawfully discriminated against the complainant by having denied her disability benefits for disability based on pregnancy and awarded her the principal sum of $1,235 for lost wages, plus $500 for mental anguish and humiliation. Petition granted to the extent that the order is modified, on the law, by deleting the award of $500 for mental anguish and humiliation. As so modified, order confirmed and proceeding dismissed, without costs or disbursements. Concerning the petitioner's contention that the claim was untimely, we note that it was filed within one

year after the complainant received notice, dated March 21, 1977, from her employer's insurer that her claim for disability by reason of pregnancy had been denied (see *State Div. of Human Rights v Burroughs Corp.,* 73 AD2d 801, affd 52 NY2d 748). The petitioner's contention that the Statute of Limitations began to run, at the latest, when the complainant returned to work on December 2, 1975 is unpersuasive. Although it is true that one of the petitioner's employees had told the complainant that pregnancy was not covered by the insurance policy as a disability and that the employee delayed several months in giving the complainant the forms to fill out and then in sending them to the insurer, the employee had no authority to deny the claim. Only the insurer could. Moreover, since the petitioner's employee was responsible for the delay in filing the claim for benefits, the petitioner should not be able to benefit from a situation which it created. However, the award of $500 for mental anguish and humiliation was unwarranted. It was neither sought in the complaint nor supported by any evidence in the record (see *Cullen v Nassau County Civ. Serv. Comm.,* 53 NY2d 492). Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.