Howard L. YOKUM, Sr. et al.

v.

ST. JOHNSBURY TRUCKING
COMPANY, INC.

Civ. No. H–83–727 (PCD).

United States District Court,
D. Connecticut.

Oct. 29, 1984.

Diana M. Sikorsky, Sikorsky & Sikorsky, Hartford, Conn., for plaintiffs.

Stacey L. Savin, Hebb & Gitlin, Hartford, Conn., for defendant.

## RULING ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

DORSEY, District Judge.

*Background*

Plaintiffs brought this action against St. Johnsbury Trucking Co., Inc. under the Age Discrimination in Employment Act (ADEA). Two of the eight original plaintiffs have settled and their claims have been dismissed. The remaining six plaintiffs allege a continuing policy of discrimination on the basis of age pursuant to which defendant terminated plaintiffs' employment and failed to recall them. They further allege that younger workers were hired for positions which plaintiffs are qualified to hold and that they were laid off and not recalled because they have complained of defendant's alleged unlawful employment practices.

Five plaintiffs were laid off at defendant's Meriden terminal in October 1981 while one was laid off in December 1981. In October or November 1981, defendant opened a terminal in Fairfield, Connecticut.

None of the plaintiffs were transferred to work at this terminal.[1] Charges were filed with the Connecticut Commission on Human Rights and Opportunities in January and February 1983, and with the Equal Employment Opportunity Commission (EEOC) on February 23, 1983, at least 479 days after the October layoffs and at least 419 days after the December layoff.[2]

St. Johnsbury contends that the period for filing complaints with the EEOC is measured from the date of the layoffs and that plaintiffs' discriminatory discharge claims are barred due to the failure to file timely charges with the EEOC. Defendant moved for partial judgment on the pleadings on this basis. Fed.R.Civ.P. 12(c). If, in fact, charges were not filed in a timely manner, plaintiffs would be barred from challenging the legality of the layoffs. *Downie v. Electric Boat Div.,* 504 F.Supp. 1082 (D.Conn.1980).

Instead of viewing the layoffs as completed occurrences which trigger the running of the limitations period, the complaint casts the layoffs as one phase of an integrated, continuing policy of discrimination. This policy is alleged to have been manifested by the layoffs, the refusal to rehire plaintiffs for full-time work and the hiring of younger employees to perform plaintiffs' former duties. The first claim for relief is based on all these practices. The second count incorporates the first and adds the claim that defendant's actions were in retaliation against plaintiffs' complaints of defendant's practices. In sum, plaintiffs argue that their complaint is directed to the policy which continued and thus the time for filing with the EEOC does not begin to run upon the occurrence of one of the acts but is delayed by the continuance of the policy. Thus, they contend their charges are not time-barred.

*Discussion*

The ADEA, in a deferral state,[3] requires that a charge be filed with the EEOC "within 300 days after the alleged unlawful practice occurred or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C. § 626(d)(2). The Supreme Court, in *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (denial of tenure), and *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (plaintiff discharged), specified that the discriminatory act occurs when the decision complained of is made and communicated to the plaintiff. The filing limitations period commences running at this time. Plaintiffs have not argued here that they were not aware of the finality of the employer's termination decision, or that it was not communicated to them. Therefore, if plaintiffs were challenging only the layoffs, the filing periods unquestionably would have begun to run when plaintiffs were informed of the decisions to terminate in October and December 1981 and plaintiffs' claims would be time-barred. However, the "continuing policy" theory relied upon by plaintiffs would merge the layoffs with the defendant's subsequent allegedly discriminatory acts, as part of an ongoing policy, and the filing period would begin to run after the last act by defendant that is part of the continuous policy or system of discrimination. *Acha v. Beame,* 570 F.2d 57 (2d Cir.1978).

1. One plaintiff was recalled in July 1982, one was recalled in September 1983, and the remaining four were recalled in March 1984.

2. Section 633(b) of the ADEA requires the federal court to defer to states which grant relief in age discrimination cases, as does Connecticut. After the charge is filed with the state, the EEOC charge must be filed within 300 days after the action complained of, or 30 days after termination of the state proceedings. A civil action cannot be commenced until 60 days after the charge is filed with the commission. Section 626(d).

3. Connecticut law prohibits age discrimination, Conn.Gen.Stat. § 46a–60, and provides an agency to award relief, Conn.Gen.Stat. §§ 46a–52—46a–57; §§ 46a–82—46a–96, making it a "deferral state." Section 633(b), governing the relationship between federal and deferral state actions, provides that no suit can be brought under Section 626 before 60 days after state proceedings are commenced, unless earlier terminated.

The continuing policy theory has been successfully utilized where an on-going system is found. *Guardians Ass'n v. Civil Serv. Comm'n*, 633 F.2d 232 (2d Cir. 1980) (refusals to hire based on discriminatory test); *Morelock v. N.C.R. Corp.*, 586 F.2d 1096 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979) (seniority system); *Jenkins v. Home Ins. Co.*, 635 F.2d 310 (4th Cir.1980) (discriminatory wage scales); *Rich v. Martin Marietta*, 522 F.2d 333 (10th Cir.1975) (promotion system); *EEOC v. Home Ins.*, 553 F.Supp. 704 (1982) (mandatory age—62—retirement policy is a continuing violation). All of those violations were pervasive and continued to the time the action was brought. Had the continuing violation ceased or were the plaintiffs no longer subject to the policy, the filing limitations period would have commenced running. *EEOC v. Home Ins.*, 553 F.Supp. at 713.

 In contrast, the violation complained of in this action and attacked by defendant's motion is the employer's decision to discharge plaintiffs discriminatorily. The prohibited conduct complained of occurred at the time of the termination decision, and plaintiffs are no longer subject to the termination policy. "The mere refusal to recall or rehire an employee does not convert his initial layoff into a continuing violation." *Cutright v. GM Corp.*, 486 F.Supp. 590, 593 (W.D.Pa.1980). Unless such were true, no termination complaint could ever be time barred if a subsequent discriminatory failure to rehire is alleged. Thus, there can be no continuing policy of discrimination with regard to the layoffs.[4] Layoffs are separate occurrences of discrimination, and the filing limitations period began to run when the termination decisions were made and communicated to plaintiffs. *Delaware State College*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431; *Chardon*, 454 U.S. 6, 102 S.Ct. 28, 70

L.Ed.2d 6; *Pfister v. Allied Corp.*, 539 F.Supp. 224 (S.D.N.Y.1982).

 The 300 day filing limitations period insures that employers are not indefinitely liable for all possibly discriminatory actions, similar to most statutes of limitations. *Franci v. Avco Corp.*, 538 F.Supp. 250, 253 (D.Conn.1982).[5] An employer no longer violating the act is entitled to repose after the expiration of the filing period. *EEOC v. Home Ins. Co.*, 553 F.Supp. 704, 712 (S.D.N.Y.1982). To allow a plaintiff to avoid the filing requirement by merely alleging a "continuing policy" or "system of discrimination" would contravene this objective. To allege a continuing policy, it must be clear that the acts complained of are not completed, distinct occurrences.

 Defendant's refusal to rehire plaintiffs constitutes a separate violation. *Cutright*, 486 F.Supp. 590. Plaintiffs' claims in this respect are not challenged by defendant in the present motion and need not be addressed.

Plaintiffs have attempted, through carefully drafted pleadings, to incorporate all of the alleged discriminatory acts into one policy of age discrimination. Having taken all of plaintiffs' factual allegations as true, this court still does not find a continuing policy of discrimination by which to salvage the claims of discrimination in the layoffs.

The motion is granted.

SO ORDERED.

---

4. *Wagner v. Sperry Univac*, 458 F.Supp. 505 (E.D.Pa.1978), *aff'd*, 624 F.2d 1092 (3d Cir.1980) (after layoff, discriminatory effects are result only of refusal to rehire).

5. The filing requirement in Section 626(d) is similar to a limitations provision and is subject to equitable modification. *Franci* at 253; *Downie*, 504 F.Supp. at 1085. The plaintiffs have not claimed that equitable tolling is warranted in this case.