■ In the Matter of ATUL PATEL, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [628 NYS2d 379] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights dated January 21, 1994, which dismissed the petitioner's complaint as time-barred, the petitioner appeals

from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated June 15, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs payable to the respondent Symbol Technologies, Inc.

The determination of the New York State Division of Human Rights that the petitioner's complaint was time-barred is not arbitrary and capricious or an abuse of discretion *(see,* CPLR 7803 [3]; *see also,* Executive Law § 298). The record clearly establishes that the complaint was untimely under the one-year Statute of Limitations found in Executive Law § 297 (5) because it was filed more than one year after the petitioner had been terminated by the respondent Symbol Technologies, Inc. The petitioner's subsequent attempts to compel Symbol Technologies, Inc., to reconsider his termination and to reinstate him did not toll the Statute of Limitations *(see, Matter of De Milio v Borghard,* 55 NY2d 216; *Aranoff v Fordham Univ.,* 171 AD2d 434).

The petitioner's remaining contentions are without merit. Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.