■ In the Matter of ERIC A. GARRISON et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [656 NYS2d 389] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the State Division of Human Rights, dated November 15, 1995, which, after a hearing, found that certain claims were time-barred and that the respondent corporation did not discriminate against the petitioners on the basis of their age.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Because the complaints were filed more than one year after the allegedly discriminatory discharges from employment occurred, the Commissioner of the State Division of Human Rights properly determined that the petitioners' discriminatory discharge claims were time-barred (see, Executive Law § 297 [5]; Matter of Patel v New York State Div. of Human Rights, 216 AD2d 469; Brownwood v New York State Human Rights Appeal Bd., 73 AD2d 660; State Div. of Human Rights v Westmoreland Cent. School Dist., 56 AD2d 205).

The petitioners' claims that they were discriminated against when the respondent Mobil Administrative Services Company, Inc., declined to hire them for new positions after they had been discharged does not convert the discharge claims into one for a continuing violation such that the limitations period would be tolled (see, Miller v International Tel. & Tel. Co., 755 F2d 20, 24; Yokum v St. Johnsbury Trucking Co., 595 F Supp 1532, 1533; see also, Matter of Patel v New York State Div. of Human Rights, supra).

The determination that the failure to rehire the petitioners was not discriminatory is supported by substantial evidence. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.