■ FAB INDUSTRIES, INC., et al., Appellants, v BNY FINANCIAL CORPORATION, Respondent. [675 NYS2d 77] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 30, 1997, dismissing the complaint, and bringing up for review an order, entered April 23, 1997, which, in an action for fraud and negligent misrepresentation by plaintiff sellers of textiles against defendant factor, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The reasonableness of plaintiffs' reliance on anything defendant said or did not say about the financial condition of plaintiffs' customer who went bankrupt has nothing to do with the parties' credibility, but with their relationship as defined by their factoring agreements. The agreements provided that the risk of loss from a customer's failure to pay receivables at maturity would be on plaintiffs unless defendant approved of the customer's credit in writing. Having agreed to assume the risk of loss in the absence of written credit approval, it was not reasonable for plaintiff, a sophisticated business entity that presumably had access to any number of sources of information about the creditworthiness of its customers, to rely on defendant's alleged oral representations as a substitute for the prescribed written approval. Nor did plaintiffs adduce facts tending to show a special or fiduciary relationship with defendant, a necessary element of the tort of negligent misrepresentation (*see*, *Kimmell v Schaefer*, 89 NY2d 257, 263-264). "There is no fiduciary duty * * * arising out of the contractual arm's length debtor and creditor legal relationship between a borrower and a bank which would give rise to a cause of action for negligent misrepresentation" (*Banque Nationale de Paris v 1567 Broadway Ownership Assocs.*, 214 AD2d 359, 360). This is particularly true where the relationship of bank to customer is that of a factor, since the factor acts solely for its own benefit, does not undertake to benefit its client in the conduct of the latter's business affairs, and, in the absence of such an undertaking, the client can derive no legal rights from what the factor does or does not do (*Bonnie & Co. Fashions v Bankers Trust Co.*, 945 F Supp 693, 712). Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.