■ AMALIA CORDONE, Respondent, v WILENS & BAKER, P. C., Appellant. [730 NYS2d 89] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 20, 2000, denying defendant's pre-answer motion to dismiss, based upon the expiration of the applicable Statute of Limitations, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff began working for defendant law firm in June 1996. In August 1996, she was diagnosed with breast cancer, requiring surgery and six months of chemotherapy. Plaintiff received disability payments while she was out of work, and in October 1996, she informed defendant that she would be able to return to work in December 1996. On November 21, 1996, plaintiff met with Lawrence Wilens, a principal of defendant law firm, to discuss her return to work and request a modification of her work schedule to accommodate her chemotherapy. Mr. Wilens instructed her to contact him on December 15, 1996 to finalize her plans for return to work. It is uncontested that on or about December 15, 1996, Mr. Wilens informed plaintiff that her position was no longer available. Plaintiff wrote to defendant law firm on December 19, 1996; she headed her letter "RE: My termination by your firm." In mid-January 1997, an employee of defendant contacted plaintiff about the possibility of working one day per week. Plaintiff declined the part-time offer, and telephoned another principal of the firm to discuss the possibility of her returning to work. He told her he would look into the matter and get back to her, but did not do so.

On January 4, 2000, plaintiff brought this lawsuit, alleging employment discrimination pursuant to Executive Law § 296. Defendant moved to dismiss the amended complaint based upon the expiration of the applicable Statute of Limitations. Defendant asserted that plaintiff's claim accrued on December 15, 1996, when she was informed that her position was no longer available, and that the applicable three-year Statute of Limitations expired on December 15, 1999. Plaintiff opposed the motion, arguing that although she was advised in mid-December that her position "was unavailable," she was also informed that her situation was "still up in the air." Plaintiff asserts that her termination was not confirmed until late January 1997, when the firm failed to return her phone calls.

The motion court denied defendant's motion to dismiss the complaint, on the ground that there was "an issue of fact as to whether plaintiff was told on December 15, [1996] that she was terminated or that her employment was 'up in the air.' " We reverse.

It is settled that an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to the plaintiff (*Delaware State Coll. v Ricks*, 449 US 250, 258). Moreover, the possibility that the determination may have been reversed, raised here by plaintiff's allegations that she was told that her situation was "up in the air" and that she was subsequently offered part-time employment, is insufficient to toll the limitations period, because there is no evidence that the firm actively misled plaintiff about her status, or that it restricted her in some extraordinary way from exercising her rights to allege discrimination (*Cole v CBS, Inc.*, 634 F Supp 1558, 1564 [equitable tolling " 'might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory' "]).

Plaintiff's submissions here unequivocally establish that she was definitively informed of her termination on December 15, 1996. Accordingly, dismissal of her January 4, 2000 complaint is required, as it was brought after the expiration of the applicable three-year Statute of Limitations. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Friedman, JJ.