■ ETELINA PINDER, Appellant, v CITY OF NEW YORK et al., Respondents. [853 NYS2d 312]—

Plaintiff's cause of action pursuant to 42 USC § 1983 is not viable inasmuch as plaintiff, a nontenured paraprofessional, has no property rights in her position (*see Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 629-630 [1996], *cert denied* 519 US 1150 [1997]). Nor is there is a "stigma-plus" due process claim since there is no evidence that the reasons for plaintiff's discharge were published by defendants or provided to prospective employers (*id.* at 631; *see McPherson v New York City Dept. of Educ.*, 457 F3d 211, 216-217 [2006]). We also take note that the record demonstrates that plaintiff availed herself of the grievance procedures contained in the collective bargaining agreement, and the availability of a CPLR article 78 proceeding, which plaintiff did not pursue, satisfies due process hearing requirements (*see Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465, 466 [1995]).

Dismissal of the Executive Law § 296 claim was also proper because plaintiff did not file a notice of claim within three months of her termination (*see* Education Law § 3813 [1]; *Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498 [2002], *lv dismissed* 99 NY2d 531 [2002]). Contrary to plaintiff's argument that her claim did not accrue until she had exhausted all administrative remedies, an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff, and the possibility that the determination may be reversed is insufficient to toll the limitations period (*see Cordone v Wilens & Baker*, 286 AD2d 597, 598 [2001]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.