*439 Judgment, Supreme Court, New York County (Martin Shulman, J.), entered June 13, 2008, dismissing the complaint, and bringing up for review (1) an order, same court and Justice, entered June 5, 2008, which granted defendant’s motion to dismiss the complaint upon documentary evidence, and (2) an order, same court and Justice, entered January 8, 2009, which, upon granting plaintiffs’ motion to reargue and renew, adhered to the order of June 5, 2008, unanimously affirmed, with costs.
We deem the appeals from the above orders to be an appeal from the above judgment (CPLR 5501 [a] [1]; 5517 [b]; Matter of Aho, 39 NY2d 241, 248 [1976]). The action involves defendant Chase’s alleged improper draw down on a letter of credit obtained by plaintiff construction company Transcorp as a condition to Chase’s extension of a construction loan to nonparty real estate developer Action II. The documentary evidence, i.e., the relevant loan documents, establishes that Action II defaulted on the construction loan when it failed to repay, on their maturity date, the notes given to Chase for the loan. The loan documents further establish that Chase was not required to give Action II notice of its default on the notes and an opportunity to cure, or to give Transcorp or its president Niazi, who individually guaranteed the notes, notice of either Action II’s default or of Chase’s intent to draw down on the subject letter of credit, which partially secured payment of the notes. Moreover, it would not avail plaintiffs even if the loan documents did require Chase to give Action II notice of its default and an opportunity to cure. Plaintiffs’ fraud claim, which alleges that Chase misrepresented to the issuer of the letter of credit that Action II was in default, impermissibly seeks future profits allegedly lost because, financially weakened by the draw down of the letter of credit, plaintiffs are unable to complete future jobs (see MTI/Image Group v Fox Studios E., 262 AD2d 20, 22 [1999]); there is no merit to plaintiffs’ claim that Chase owed them a fiduciary duty to notify them of Action II’s default (FAB Indus. v BNY Fin. Corp., 252 AD2d 367 [1998]); and any arguable benefit that plaintiffs may have received under the building loan agreement, which does not specifically identify Transcorp or Niazi as intended beneficiaries or imply that any third party has the power to enforce its provisions, was clearly incidental (see Boyd v Hall, Ltd., 307 AD2d 624, 626-627 [2003]) and would not entitle plaintiffs to any notice or opportunity to cure that Action II may have been entitled to under that agreement. Although the motion court noted, correctly, that the statements made in a dissolution proceeding initiated by Niazi *440 against Action II are informal judicial admissions (see Morgenthow & Latham v Bank of NY. Co., 305 AD2d 74, 79 [2003], lv denied 100 NY2d 512 [2003]), the motion court did not rely on these admissions, but rather based its decision, as we do, on the express language of the relevant loan documents. Concur— Mazzarelli, J.P., Friedman, Catterson, Renwick and AbdusSalaam, JJ. [See 2008 NY Slip Op 31530CU).]