URSULA ZWICKER, Appellant, v EMIGRANT MORTGAGE COMPANY, INC., et al., Respondents. [936 NYS2d 158]—

Plaintiff's motion for a default judgment was properly denied since defendants proffered a reasonable excuse for the default and a meritorious defense to the action (*see ICBC Broadcast Holdings-NY, Inc. v Prime Time Adv., Inc.*, 26 AD3d 239 [2006]). The evidence established that the parties were involved in settlement negotiations even after defendants' extended time to answer the complaint had expired.

Plaintiff's first cause of action, alleging that the foreclosure notices were defective, was properly dismissed since the documentary evidence established that pursuant to UCC 9-611 (f) (3), defendants gave notice of the foreclosure in a "commercially reasonable manner," and the statute requires only that reasonable steps be taken to notify the debtor of the foreclosure (*see e.g. Thornton v Citibank*, 226 AD2d 162 [1996], *lv denied*, 89 NY2d 805 [1996]). The foreclosure mailings were sent to plaintiff via certified mail, return receipt requested, and defendants' use of the wrong zip code was insufficient to establish that service was inadequate, where the address itself was otherwise correct (*see DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317, 322 [2004]). Moreover, plaintiff acknowledged receipt of at least the first notice, her counsel acknowledged receipt of notices, and notices were published in a local newspaper for three consecutive weeks prior to the sale. Under UCC 9-608 (a) (1) (C), the foreclosure of the first security interest automatically extinguished the second security interest, which was the subordinate lien, and thus, a separate notice of foreclosure for the latter lien was not required.

The second cause of action for fraudulent misrepresentation was properly dismissed, since "[t]here is no fiduciary duty . . . arising out of the contractual arm's-length debtor and creditor legal relationship between a borrower and a bank" (*FAB Indus. v BNY Fin. Corp.*, 252 AD2d 367 [1998]; *see AJW Partners LLC v Itronics Inc.* 68 AD3d 567, 568 [2009]).

The third cause of action for negligent misrepresentation was properly dismissed, since it is predicated upon promises of future conduct, rather than statements as to "existing material fact" (*see Capricorn Invs. III, L.P. v CoolBrands Intl., Inc.*, 66 AD3d 409, 409 [2009]; *Margrove Inc. v Lincoln First Bank of Rochester*, 54 AD2d 1105 [1976], *appeal dismissed* 40 NY2d 1092 [1977]).

Plaintiff's fourth and fifth causes of action were also properly

dismissed, since the sale price of $187,000 represented 62% of the alleged market value, and, in any event, the sale was conducted in a commercially reasonable manner (*see* UCC 9-627 [b]; *DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d at 322).

The documentary evidence conclusively established a defense to plaintiff's sixth cause of action, alleging that defendants colluded to ensure that defendant Plotch would prevail as the winning bidder. Plaintiff attended the auction along with the purchaser she claimed was prepared to purchase the apartment; however, no bid was entered by either plaintiff or her purchaser.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31884(U).]**