■ JOEL VIG, Appellant, v NEW YORK HAIRSPRAY CO., L.P., Respondent. [940 NYS2d 615]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered September 7, 2011, in an action alleging employment discrimination based on a disability, dismissing the complaint pursuant to an order, same court and Justice, entered August 1, 2011, which granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The record demonstrates that plaintiff's claims accrued on

August 14, 2004, when defendant informed him that his employment would be terminated as of August 17, 2004 (*see Pinder v City of New York*, 49 AD3d 280 [2008]; *Cordone v Wilens & Baker*, 286 AD2d 597, 598 [2001]). Plaintiff did not commence this action, however, until October 24, 2007, more than three years later. Accordingly, the action was properly dismissed as time-barred (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]).

Plaintiff's contention that his claims did not accrue until November 16, 2004, when he reported back to the theater after being medically approved to return to work, is unavailing (*see Matter of Patel v New York State Div. of Human Rights*, 216 AD2d 469, 470 [1995], *appeal dismissed* 87 NY2d 893 [1995]). Moreover, contrary to plaintiff's argument, the doctrine of equitable estoppel did not toll the running of the statute of limitations until the conclusion of the Musicians Union arbitration (*see Pinder* at 281; *Cordone* at 598). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.