■ JOHN L. PETEREC-TOLINO, Appellant, v EDWARD HARAP et al., Respondents. [941 NYS2d 92]—

Orders, Supreme Court, New York County (Debra A. James, J.), entered March 23, 2011, which denied plaintiff's motions for a default judgment against defendants, and granted defendants' cross motion to dismiss the complaint as barred by the statute of limitations, unanimously modified, on the law, to deny defendants' cross motion, and otherwise affirmed, without costs.

Defendants made a sufficient showing of excusable default and a meritorious defense to warrant denial of plaintiff's motions for a default judgment (*see Zwicker v Emigrant Mtge. Co., Inc.*, 91 AD3d 443 [2012]). The record shows, among other things, that at the time plaintiff moved for a default judgment, he was aware that defendants intended to move to dismiss the complaint (*see id.*).

Defendants, however, have not shown that plaintiff's state and city employment discrimination claims are time-barred. Crediting the allegations in plaintiff's verified complaint, his claims accrued on July 7, 2006, when he was terminated (*see Pinder v City of New York*, 49 AD3d 280, 281 [2008]; *Cordone v Wilens & Baker*, 286 AD2d 597, 598 [2001]). Although plaintiff commenced this action more than three years later, after the expiration of the applicable statute of limitations (*see* CPLR 214 [2]), it is timely pursuant to CPLR 205 (a), since it was commenced within six months after termination of a timely commenced federal action. In that action, the Federal District Court dismissed without prejudice plaintiff's state and city employment discrimination claims against the individual defendants because of insubstantial federal claims (*see Jordan v Bates Adv. Holdings*, 292 AD2d 205, 206 [2002]; *Kleinberger v Town of Sharon*, 116 AD2d 367, 370 [1986]). Defendants' arguments to the contrary are of no avail. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.