■ In the Matter of ROY DEN HOLLANDER, Appellant, v CITY OF NEW YORK COMMISSION ON HUMAN RIGHTS, Respondent. [987 NYS2d 335]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered August 6, 2013, which denied the petition brought pursuant to CPLR article 78 seeking to annul a determination of respondent City of New York Commission on Human Rights (CCHR), dated January 11, 2013, dismissing petitioner's complaint of age-based discrimination, unanimously affirmed, with costs.

Petitioner alleges that nonparty Amnesia J.V. LLC discriminated against him by requiring him to purchase a $350 bottle in order to gain admission to its nightclub. The New York State Division of Human Rights previously dismissed a complaint brought by petitioner alleging gender discrimination by Amnesia in hindering his admittance to the nightclub on January 9, 2010. Accordingly, the doctrine of election of remedies now bars petitioner from filing with CCHR the instant claim of age discrimination with respect to the same alleged incident (see Administrative Code of City of NY § 8-109 [f]). This is so even though petitioner is now advancing a different theory of invidious discrimination—age discrimination as opposed to gender discrimination (see Benjamin v New York City Dept. of Health, 57 AD3d 403, 404 [1st Dept 2008], lv dismissed 14 NY3d 880 [2010]; Jones v Gilman Paper Co., 166 AD2d 294, 294 [1st Dept 1990]).

In any event, CCHR's alternative determination of "no probable cause" has a rational basis and is not arbitrary and capricious (see David v New York City Commn. on Human Rights, 57 AD3d 406, 407 [1st Dept 2008]; de la Concha v Gatling, 13 AD3d 74, 75 [1st Dept 2004]). Petitioner was afforded a "full and fair opportunity to present [his] case" (Matter of Block v Gatling, 84 AD3d 445, 446 [1st Dept 2011], lv denied 17 NY3d 709 [2011]), and received procedural due process (see Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d 89, 98 [1997], cert denied 523 US 1074 [1998]; Pinder v City of New York, 49 AD3d 280, 281 [1st Dept 2008]). There is absolutely no evidence that CCHR's executive director was biased against him, let alone any showing that any such bias "affect[ed] the result" (People v Moreno, 70 NY2d 403, 407 [1987]). Concur—Tom, J.P., Renwick, Andrias, Freedman and Clark, JJ.