■ In the Matter of ANGELO FERRARA, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [61 NYS3d 356]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Human Rights dated June 19, 2015, which found that the complaint filed by the petitioner was untimely under Executive Law § 297 (5), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Peck, J.), entered December 18, 2015, which denied the petition, confirmed the determination, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a long-term, at-will employee in the Comptroller's Office of the respondent Town of North Hempstead was advised by his supervisor on December 3, 2013, that his employment was being terminated as part of the transition to the incoming administration of a newly elected Town Supervi-

sor. On December 9, 2013, the petitioner met with a human resources representative of the Town to further discuss the termination, and a written notice of termination dated December 9, 2013, was sent to the petitioner. A formal resolution terminating the employment of the petitioner and several other employees was approved by the Town Board of the Town of North Hempstead on December 10, 2013.

It is undisputed that on December 22, 2014, the petitioner filed a complaint with the respondent New York State Division of Human Rights (hereinafter the DHR), alleging that the termination of his employment was the result of discrimination based on his age, gender, and ethnicity. The DHR subsequently issued an administrative determination finding that the matter was untimely because the complaint was filed more than one year after the most recent alleged discriminatory act. The petitioner then commenced this CPLR article 78 proceeding, and the Supreme Court, Nassau County, issued a judgment denying the petition, confirming the determination, and, in effect, dismissing the proceeding. We affirm.

Executive Law § 297 (5) provides that "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." This provision "is in the nature of a statute of limitations and, thus, is mandatory" (*Matter of Murphy v Kirkland*, 88 AD3d 267, 273 [2011]; *see Matter of Freudenthal v County of Nassau*, 99 NY2d 285, 291 [2003]). Moreover, the limitations period commences running on the date that the claimant receives notice of the alleged discriminatory act or practice (*see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 419 [1991]; *Matter of Queensborough Community Coll. of City Univ of N.Y. v State Human Rights Appeal Bd.*, 41 NY2d 926 [1977]; *Hillcrest Gen. Hosp.-GHI v New York State Human Rights Appeal Bd.*, 90 AD2d 481, 481-482 [1982]).

Contrary to the petitioner's contention, the one-year period in which he was required to file a complaint with the DHR did not begin to run on his last day of employment, but on the date that he received notice of the termination of his employment (*see Matter of Queensborough Community Coll. of City Univ of N.Y. v State Human Rights Appeal Bd.*, 41 NY2d at 926; *Cordone v Wilens & Baker*, 286 AD2d 597, 598 [2001]; *see also Miller v International Tel. & Tel. Corp.*, 755 F2d 20, 23 [1985]). Since it is undisputed that the petitioner did not file his complaint until more than one year after he received notice of the termination of his employment, the Supreme Court properly upheld the DHR's determination that the complaint was untimely.

The petitioner's remaining contentions are without merit. Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.