Scott v City of New York (2024 NY Slip Op 06138)

Scott v City of New York

2024 NY Slip Op 06138

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 158279/19 Appeal No. 3182 Case No. 2022-04297 

[*1]Shaneen Scott, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents, Cynthia Brann et al., Defendants.

E. Dubois Raynor, Jr., Civil Rights Consortium, Woodhaven, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about March 23, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Defendants' motion to dismiss was not untimely because the motion court properly declined to enter a default judgment, thereby extending defendants' time to file an answer or otherwise respond to the complaint (see Zwicker v Emigrant Mtge. Co., Inc., 91 AD3d 443, 444 [1st Dept 2012]).
The motion court correctly granted defendants' motion to dismiss the complaint, as plaintiff has failed to sufficiently allege that her termination occurred under circumstances giving rise to an inference of discrimination (Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 433 [1st Dept 2022]). The complaint alleges in a conclusory fashion that plaintiff's employment was terminated based on her race and gender, but it fails to allege that any decisionmakers made remarks evidencing discriminatory intent, or that other similarly situated employees outside of her protected class were treated more favorably, or any other act or omission giving rise to an inference of discrimination (see Brown v City of New York, 188 AD3d 518, 519 [1st Dept 2020]; see also Lively, 211 AD3d at 433). In any event, defendants' documentary evidence shows that the Department of Correction (DOC) terminated plaintiff's employment as of right within her probationary period, which had been automatically extended pursuant to 55 RCNY 5.2.8(b) (see Matter of Marshall v Simon, 160 AD3d 648, 649 [2d Dept 2018]). Moreover, plaintiff fails to allege that a facially neutral employment practice had a disparate impact on her protected class (see Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 296-297 [1st Dept 2005]).
To the extent plaintiff argues that defendants' decision to terminate her employment was arbitrary and capricious, such a claim should have been brought in a CPLR article 78 proceeding (see Sedgwick v New York City Department of Educ., 215 AD3d 607, 608 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024