**James M. GIBSON, Plaintiff–Appellee,**

v.

**OLD TOWN TROLLEY TOURS OF WASHINGTON, D.C., INC., Defendant–Appellant,**

and

**Historic Tours of America, Defendant.**

No. 97–2044.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 25, 1998.

Decided Nov. 12, 1998.

**ARGUED:** Ronald Howard Jarashow, Franch, Jarashow & Howard, P.A., Annapolis, Maryland, for Appellant. Bryan Anthony Chapman, Bryan A. Chapman & Associates, P.C., Washington, D.C., for Appellee.

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and BULLOCK, Chief United States District Judge for the Middle District of North Carolina, sitting by designation.

Reversed by published opinion, Chief Judge WILKINSON wrote the opinion, in which Judge DIANA GRIBBON MOTZ and Chief Judge BULLOCK joined.

## OPINION

WILKINSON, Chief Judge:.

In this Title VII retaliation action, James M. Gibson sued his former employer, Old Town Trolley Tours of Washington, D.C., Inc., for failing to complete and return employment reference forms. Gibson charged that Old Town Trolley refused to return the forms in retaliation for his having filed an EEOC complaint after the company laid him off. A jury awarded Gibson $700 in compensatory and $10,000 in punitive damages, and the district court denied Old Town Trolley's motion for judgment as a matter of law. On review of the trial record, we find no evidence that Old Town Trolley's omission occurred because of Gibson's EEOC complaint. Because no reasonable jury could find that Old Town Trolley retaliated against Gibson, we reverse the judgment of the district court and remand the case with instructions to enter judgment for the defendant.

I.

Old Town Trolley operates guided motor tours through the streets of the national capital. Because its business is highly seasonal the company maintains only a skeleton permanent staff. With the return of the cherry blossoms each spring the company increases its complement of tour conductors, and when demand wanes in the fall it lays a number of them off.

In March 1990 Old Town Trolley hired Gibson, a fifty-eight-year-old black male, as a tour conductor. Gibson remained with the company as a full-time employee for over three years. When Old Town Trolley made its seasonal layoff in the fall of 1993, however, it let Gibson go. Gibson's supervisor informed him of the layoff on November 7, and it took effect five days later.

Gibson felt that he had been selected for layoff because of his race and his age. On November 17, 1993, Gibson filed a complaint with the EEOC. Finding no evidence of discrimination, the EEOC issued a right-to-sue letter.

In the month after his termination Gibson applied for several new jobs, including a school bus driver's position with the Fairfax County school system. During the application process for that position Gibson was asked to obtain references from his previous employers. In December 1993 Gibson mailed a county employment reference form to Old Town Trolley. He did not receive a response.

In March 1994 Gibson sent Old Town Trolley a second reference form, along with a cover letter, by certified mail and by fax. He addressed the letter to Fred Dettman, who had been the general manager of the company's Maryland office when Gibson was employed there. Dettman had since left Old Town Trolley, so the letter was forwarded to Michael Cates, a company vice-president in Key West, Florida. Cates claims that he received the cover letter but that the reference form was no longer attached. He testified at trial that he had interpreted the letter to be asking for a narrative reference, which the company as a matter of policy does not provide. Cates hand-wrote on the cover letter: "To Whom It May Concern, Please be advised that Mr. Dettman is no longer with the company nor do I know his address at this time," and returned it to Gibson.

In the meantime Gibson secured the Fairfax County job without a reference from Old Town Trolley. Gibson asserts that the County offered him a position on the condition that he obtain the reference, but that it eventually waived that condition. Gibson was still with Fairfax County when, in May 1994, Old Town Trolley sent him an offer of reemployment. Gibson turned the offer down.

Gibson filed this suit in January 1996. He alleged that the company had discriminated against him on the basis of his race and his age and that it had retaliated for his EEOC complaint by refusing to provide an employment reference. After a trial, a jury found that Old Town Trolley did not discriminate against Gibson when it selected him for layoff. That verdict is not at issue in this appeal. The same jury, however, found for Gibson on the retaliation claim and awarded $700 in compensatory and $10,000 in punitive damages.

The district court denied Old Town Trolley's motions for judgment as a matter of law and for a new trial. Old Town Trolley appeals.

## II.

■ Section 704(a) of Title VII forbids employers from retaliating against their employees for making use of the procedures offered by the EEOC. *See* 42 U.S.C. § 2000e–3(a). The statute's protections extend to former employees such as Gibson. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 117 S.Ct. 843, 849, 136 L.Ed.2d 808 (1997).

■ In order to prove retaliation a plaintiff must show that he engaged in protected activity, that his employer took adverse employment action against him, and that the employer did so because of the protected activity. *See Ross v. Communications Satellite Corp.,* 759 F.2d355, 365 (4th Cir.1985). Although both appellant and appellee couch their arguments in terms of the reciprocating burdens of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), that approach is inapposite when a trial has proceeded to completion. *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 714–15, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The inquiry in this case long ago turned "from the few generalized factors that establish a prima facie case to the specific proofs and rebuttals of discriminatory motivation the parties have introduced." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 516, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *see also Jiminez v. Mary Washington College,* 57 F.3d 369, 377 (4th Cir.1995). At trial, the plaintiff shed the shifting burdens of the *McDonnell Douglas* scheme and faced, as all plaintiffs do, the ultimate burden of proving his case—"'that [he] has been the victim of intentional discrimination.'" *Jiminez,* 57 F.3d at 377 (alteration in original) (quoting *Burdine,* 450 U.S. at 256, 101 S.Ct. 1089).

■ In denying Old Town Trolley's motion for judgment as a matter of law, the district court reasoned that Gibson's presentation of a prima facie case, along with the assumption that the jury rejected the company's testimony, compelled affirmance of the jury's verdict. This was error. A motion for judgment under Rule 50(b) cannot adequately be addressed by a "rigid, mechanized, or ritualistic" application of the *McDonnell Douglas* framework. *St. Mary's Honor Ctr.,*

509 U.S. at 519, 113 S.Ct. 2742 (internal quotation marks omitted). Moreover, we cannot presume that the evidence underlying a prima facie case automatically insulates a plaintiff from judgment as a matter of law, even if we assume the jury disregarded the defendant's trial testimony. As the first step in a multi-stage proof scheme, the prima facie case is not a difficult requirement to satisfy. *See Burns v. AAF–McQuay, Inc.,* 96 F.3d 728, 732 (4th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1247, 137 L.Ed.2d 329 (1997); *Karpel v. Inova Health Sys. Servs.,* 134 F.3d 1222, 1229 (4th Cir. 1998). Once a case has proceeded through trial, however, whether the plaintiff"properly made out a prima facie case" in the first place "is no longer relevant." *Aikens,* 460 U.S. at 715, 103 S.Ct. 1478. A per se rule that the prima facie case as a matter of law satisfies the plaintiff's ultimate burden would exempt even the weakest cases from judicial review. This would transform the prima facie case requirement from a channeling device into a free pass.

■ The question on a motion for judgment as a matter of law is thus not whether the plaintiff previously satisfied some loose proxy, but rather whether the trial record evinces a "legally sufficient evidentiary basis for a reasonable jury" to have reached its verdict. Fed. R. Civ.P. 50(a)(1); *Cline v. Wal–Mart Stores, Inc.,* 144 F.3d 294, 301 (4thCir.1998). The court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 242 (4th Cir.1982). " '[T]he question facing triers of fact in discrimination cases is both sensitive and difficult.... But none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact.' " *St. Mary's Honor Ctr.,* 509 U.S. at 524, 113 S.Ct. 2742(alteration in original) (quoting *Aikens,* 460 U.S. at 716, 103 S.Ct. 1478). In this case, as in any civil case, the district court should have examined the full trial record to determine whether sufficient evidence supported the jury's verdict.

### III.

■ Gibson contends that evidence of several events supports a finding of retaliation. First, Gibson points to a telephone call he made to his old office in the days immediately after he was laid off. The person on the other end of the line told Gibson that she had been instructed not to speak to him. Gibson argues that this response demonstrates a general feeling of hostility toward him on the part of Old Town Trolley and supports an inference of retaliatory intent.

This telephone call provides no support for that inference. First, and fatally, the call occurred on November 15, two days before Gibson filed his EEOC complaint. There is no evidence that Gibson had warned Old Town Trolley of his intent to file the complaint. The employee's reaction could not possibly have been motivated by an EEOC complaint that had not yet been filed. Second, as rude as it may have seemed to Gibson, it is difficult to see how Old Town Trolley's behavior was "hostile." Given today's litigious climate, it was perfectly reasonable for the company to ask its line staff not to speak with discharged employees. Many responsible corporate legal departments would likely issue the same instructions. It is not discriminatory for an entity to attempt to control its liability when confronted with the possibility of an administrative complaint or of litigation.

■ Gibson next suggests that the timing of the unreturned reference forms supports the jury's verdict. Gibson testified that he mailed one request to Old Town Trolley in December 1993, and that the completed form was never returned. But the bare fact that someone at the company received the form does not establish retaliation. The record is utterly devoid of evidence that the letter's recipient harbored any retaliatory intent toward Gibson or even knew of his EEOC complaint. *See Dowe v. Total Action Against Poverty,* 145 F.3d 653, 657(4th Cir.1998) (finding knowledge "absolutely necessary" to support causation). To find causation on the basis of this bare-boned evidence asks the court to move beyond inference and into the realm of mere "speculation and conjecture." *Lovelace,* 681 F.2d at 241 (internal quotation

marks omitted). Gibson at best established that Old Town Trolley was sloppy in handling its correspondence, not that it engaged in retaliation.

Gibson also points to his March 1994 letter and reference form, to which Cates responded with a short handwritten note. Since Cates admitted that he was aware of Gibson's EEOC complaint, the trial evidence supports an inference that an Old Town Trolley official with knowledge of that complaint declined to complete his employment reference form. Yet here again, Gibson did not present any evidence that Cates was motivated by the EEOC complaint. Knowledge is necessary to establish causation, but it is not sufficient. *See McNairn v. Sullivan,* 929 F.2d 974, 980 (4th Cir.1991); *Williams v. Cerberonics, Inc.,* 871 F.2d 452, 457 (4th Cir.1989). There is no evidence that Cates ever said anything negative about Gibson or that he ever mentioned the EEOC filing. *"Post hoc ergo propter hoc* is not enough to support a finding of retaliation . . . ." *Bermudez v. TRC Holdings, Inc.,* 138 F.3d 1176, 1179 (7th Cir.1998). Gibson needed, and failed, to offer evidence that his complaint in some way triggered Cates' omission.

Gibson finally contends that Old Town Trolley "regularly provides job references," and therefore that Cates' failure to complete the reference form in his case constitutes retaliatory treatment. Cates admitted at trial that, upon request, Old Town Trolley verifies employees' positions and length of service. There is no evidence in the record, however, that the company regularly completes narrative reference forms such as the one in question. In fact, the undisputed evidence is that it does not. The sample form Gibson submitted at trial asks an "evaluator" for a variety of information, including the employee's reason for leaving, a ranking of his performance from "superior" to "unacceptable" in seven categories, and an answer to the question whether "[i]f this applicant were applying to you for a similar position, would you employ" him. The form also provides a large space for general com-

ments. The form thus unquestionably calls for the sort of evaluative reference that Old Town Trolley does not customarily complete. The trial evidence does not support an inference that Old Town Trolley would have completed the form if Gibson had not filed his EEOC complaint. *See McNairn,* 929 F.2d at 980; *Dwyer v. Smith,* 867 F.2d 184, 191 (4th Cir.1989); *Ross,* 759 F.2d at 365–66; *cf. Cline,* 144 F.3d at 301–02 (upholding retaliation verdict supported by evidence of differential treatment).

When the evidence is taken as a whole, Gibson simply established that he filed an EEOC complaint and that Old Town Trolley failed to return his employment reference forms. At best this argument falls into the realm of the speculative, which is insufficient to sustain a jury verdict. "[A] jury may . . . not be allowed to infer [retaliation] from evidence that does no more than suggest it as a possibility." *Lovelace,* 681 F.2d at 245. In fact, much of the evidence in this case goes the other way. The jury found that Old Town Trolley never discriminated against Gibson while he was employed there. There is no evidence that company employees ever said anything false or negative about him. The company even offered to rehire him later that spring. There is no evidence that this was anything other than an instance of the company's normal policy not to provide narrative references.

## IV.

No reasonable jury could have found that Old Town Trolley retaliated against Gibson because he filed an EEOC complaint. On this critical question of causation, there has simply been a failure of proof.* We reverse the judgment of the district court and remand the case with instructions to enter judgment for the defendant.

*REVERSED.*

---

* Because we reverse on this ground, we need not reach Old Town Trolley's argument that its fail-ure to provide an employment reference does not constitute an adverse employment action.