George LAMAS, Plaintiff,

v.

FREEMAN DECORATING
COMPANY, Defendant.

No. 98 C 6820.

United States District Court,
N.D. Illinois,
Eastern Division.

March 9, 1999.

Armand L. Andry, Law Offices of Armand L. Andry, Oak Park, IL, for Plaintiff.

Donald F. Peters, Jr., Christopher Paul Lyons, David R. Skowron, Law Offices of Donald F. Peters, Chicago, IL, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff George Lamas filed suit against the defendant Freeman Decorating Company ("Freeman") under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Mr. Lamas alleges race discrimination (Count I) and retaliation (Count II). Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and 1343. Freeman moves to dismiss Count I for failure to state a claim under Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is granted.

### *Background*

Mr. Lamas, a Hispanic American, worked for Freeman as a laborer and fork lift driver from 1987 until his discharge in June 1994. On July 7, 1993, Mr. Lamas filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") claiming Freeman discriminated against him because of his national origin. About a year later (July 1, 1994), shortly after his discharge, Mr. Lamas filed a second charge with the EEOC and IDHR alleging retaliation. He claimed the reason given for his June 24 termination, insubordination, was a pretext and that he was fired in retaliation for his earlier EEOC charge.

On February 27, 1998, the EEOC issued a dismissal and notice of right to sue on the national origin charge. Mr. Lamas did not file suit within the ninety-day limitation period. A dismissal and notice of right to sue on the second EEOC charge (retaliation) was issued on July 31, 1998. Mr. Lamas filed the instant suit within the limitation period on October 28, 1998.

*Scope–of–the–Charge Requirement*

In general, a Title VII plaintiff may not include in a judicial complaint any claims not included in her EEOC charge. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir.1996) (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)). The rule is designed (in part) to give the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion before the claimant turns to the courts. *Id.* at 481–82; *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985) (citation omitted). In the instant case, the (July 1, 1994) EEOC charge that is the basis of Mr. Lamas' complaint alleges only retaliation, not race discrimination. Count I is therefore beyond the scope of Mr. Lamas' EEOC charge and fails to state a claim.

Nevertheless, Mr. Lamas contends his retaliation charge supports Count I because it refers to his earlier charge of national origin discrimination.[1] He argues that Count I's claim of race discrimination thus is like or reasonably related to the EEOC retaliation charge and grows out of it, and therefore falls within the scope of that charge. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976). However, retaliation and discrimination are unrelated as a matter of law, *O'Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir.1993); *Nair v. Bank of America Ill.*, 991 F.Supp. 940, 955 (N.D.Ill. 1997), and an administrative charge of one generally cannot support a civil suit for the other, *see Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir.1996) (citations omitted). The gist of a retaliation claim is that the employer lashed out against an employee for exercising a right (here, the filing of discrimination charges), not out of animosity for his race or national origin. *Nair*, 991 F.Supp. at 954.

Mr. Lamas' second EEOC charge clearly alleges retaliation, not national origin or race discrimination. In the section where he indicated the nature of his grievance, he checked only the box labeled "retaliation" and left blank the other boxes, including those labeled "race" and "national origin." Further, in the space labeled "date discrimination took place" he listed June 24, 1994, the date of his discharge. Moreover, in the narrative section he specifically alleges retaliation in violation of Title VII. Mr. Lamas does mention his earlier national origin charge, but apparently only to show Freeman's motivation for allegedly retaliating against him. Finally, there are no factual allegations from which a claim of national origin or race discrimination could be inferred. *See Nair*, 991 F.Supp. at 954.

*Conclusion*

Count I of Mr. Lamas' complaint falls outside the scope of his EEOC charge and thus fails to state a claim. Accordingly, Freeman's motion to dismiss Count I is granted.

---

**1.** Mr. Lamas forfeited his right to sue on the national origin charge when he failed to act within the three-month time limitation.