**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DEMETRIOUS E. THOMPSON,
          *Plaintiff-Appellant,*

v.

GENERAL ELECTRIC CAPITAL
CORPORATION; GENERAL ELECTRIC
CAPITAL CARD,
          *Defendants-Appellees.*

No. 02-1518

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-00-593-3-H)

Submitted: November 25, 2002

Decided: December 20, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

R. Frost Branon, Jr., Charlotte, North Carolina, for Appellant. W. T.
Cranfill, Jr., Robert B. Meyer, MCGUIREWOODS, L.L.P., Charlotte,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Demetrious E. Thompson appeals the district court's order granting the motion for summary judgment filed by General Electric ("GE"), and denying relief on his employment discrimination action, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000).

We review a grant of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 255 (1986).

First, Thompson, an African American Muslim, asserts he was subjected to a hostile work environment. This claim is meritless. Thompson cannot establish he was subjected to severe and pervasive discrimination. *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993); *Conner v. Scharader-Bridgeport, Int'l, Inc.*, 227 F.3d 179, 193 (4th Cir. 2000).

Second, Thompson asserts he was subjected to retaliatory treatment for engaging in a protected activity, filing a complaint with the Equal Employment Opportunity Commission. This claim is meritless. Thompson establishes that he engaged in a protected activity, *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994), but he does not show this caused him to be subjected to retaliatory treatment. *Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160 F.3d 177, 180 (4th Cir. 1998).

Accordingly, we affirm the district court's grant of summary judgment to GE. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*