**Mary Aretha LAUREY, Plaintiff,**

v.

**CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Defendant.**

No. 02–CV–6464L.

United States District Court, W.D. New York.

July 30, 2004.

Mary Aretha Laurey, Horseheads, NY, pro se.

Bryan J. Maggs, Donald S. Thomson, Davidson & O'Mara, P.C., Elmira, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Mary A. Laurey, appearing *pro se*, commenced this discrimination action on September 9, 2002. Plaintiff, who is black, asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2003 *et seq.*, alleging that her former employer, defendant Chemung County Department of Social Services ("DSS"), dis-

criminated against her in a number of ways, and that DSS terminated her employment in retaliation for plaintiff's filing an administrative complaint against DSS with the New York State Division of Human Rights ("DHR"). Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

There are two asserted bases for defendant's motion: that this action is untimely, and that plaintiff's claims are meritless. For the reasons that follow, I find that plaintiff's discrimination claim is untimely, and that defendant is entitled to summary judgment on that claim. I also find that plaintiff's retaliation claim is timely, but that it must be dismissed on the merits.

## BACKGROUND [1]

Plaintiff began working at DSS in early August 1998, as a temporary social welfare examiner trainee. Almost from the beginning of her employment there, plaintiff had a number of problems with her supervisors.

Eventually, plaintiff alleges, the stress of her working environment affected her health. On her doctor's advice, she stopped reporting to work after June 28, 2000.

On June 30, 2000, plaintiff filed a charge of discrimination (a copy of which is attached to the complaint in this action) with the New York State Division of Human Rights ("DHR"). She alleged that she was "being subjected to unequal treatment for reasons directly related to [her] race and color."

Plaintiff alleges that on November 6, 2000, she received a letter from defendant informing her that she had not completed her probationary employment term,[2] and that she was being terminated. One week later, she filed a second complaint with the DHR, alleging that defendant had "unlawfully discriminat[ed] against [her] in retaliation for [her] prior [discrimination] complaint, by terminating [her] employment...."

On November 14, 2001, the DHR issued two reports, finding no probable cause for either plaintiff's discrimination or retaliation charges. On March 13, 2002, the Equal Employment Opportunity Commission ("EEOC") adopted the DHR's findings on the discrimination charge, and issued plaintiff a right-to-sue letter. The EEOC issued a right-to-sue letter on plaintiff's retaliation charge on June 7, 2002. Plaintiff filed the complaint in this action on September 9, 2002.

## DISCUSSION

### I. Timeliness of the Complaint

For a Title VII complaint to be timely, it must be filed within no more than 90 days of the plaintiff's receipt of a right-to-sue letter. *See* 42 U.S.C. §§ 2000e–5(f); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir.1996); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994). Although this requirement is not jurisdictional, but rather, a condition precedent to filing suit, *see Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984), it is strictly enforced and should not be extended "by even one day"

---

1. Since I find plaintiff's discrimination claim to be untimely, I will recite only the facts relevant to the timeliness of that claim, and to the merits of the retaliation claim.

2. New York regulations provide that civil service employees must complete a probationary term before being given permanent appointments, and that, "[i]f the conduct or performance of a probationer is not satisfactory, his or her employment may be terminated at any time after eight weeks and before completion of the maximum period of service." 4 N.Y.C.R.R. § 4.5.

absent some recognized equitable consideration. *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984) (quoting *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982)).

In the case at bar, defendant contends that the action is untimely because the complaint was filed 180 days after issuance of the first right-to-sue letter, and 94 days after issuance of the second right-to-sue letter.[3] I agree with defendant as to the former, but not as to the latter.

■ Plaintiff's complaint is clearly untimely as to the discrimination claim. She had actual notice of the 90–day filing period from the right-to-sue letter itself, and after reviewing plaintiff's submissions in response to defendant's motion, I find no basis for tolling or extending her time period within which to file her complaint on that claim. *See Zerilli–Edelglass v. New York City Transit Authority,* 333 F.3d 74, 80 (2d Cir.2003) ("equitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights") (internal brackets and quotation marks omitted).

■ The retaliation claim stands on a different footing, however. First, the 90–day period commences not upon the issuance or mailing of a right-to-sue letter, but upon its receipt. *See Sherlock,* 84 F.3d at 525. Second, "[n]ormally it is assumed that a mailed document is received three days after its mailing." *Id.; see* Fed. R.Civ.P. 6(e); *Williams v. St. Joseph's Hosp.,* No. 02–CV–6467, 2003 WL 23350424, at *2 (W.D.N.Y.2003); *Gardner v. Honest Weight Food Co-op., Inc.,* 96 F.Supp.2d 154, 158 (S.D.N.Y.2000).

Presumably, then, plaintiff received the second right-to-sue letter on June 10, 2002. Plaintiff states in the complaint that she received it on June 9, 2002, *see* Complaint

¶ 12, but that date fell on a Sunday, making it unlikely that she actually received it on that day.

■ Regardless of whether plaintiff received the letter on June 9 or 10, however, her retaliation claim is timely. Ninety days from June 9 and 10 would be September 7 and 8, 2002. Those dates fell on Saturday and Sunday. Under the Federal Rules, when "computing any period of time prescribed . . . by any applicable statute, . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Fed.R.Civ.P. 6(a). Thus, even if plaintiff received the second right-to-sue letter on June 9, 2002, she would have had until Monday, September 9, 2002 to file her complaint. Her complaint, which was filed on September 9, is therefore timely as to the retaliation claim.

■■ Although plaintiff does not appear to argue that the timeliness of her retaliation claim saves her discrimination claim as well, I note that there is no basis for such a conclusion. In general, no Title VII claim can be brought in federal court unless it has first been presented to the EEOC. *Alfano v. Costello,* 294 F.3d 365, 381 (2d Cir.2002). The Second Circuit has also recognized three situations in which a plaintiff may assert in district court a claim that was not specifically pleaded in her administrative complaint because it is "reasonably related" to her EEOC claims: (1) claims that are within the scope of the EEOC investigation that is likely to grow out of the charge; (2) claims of retaliation for filing the EEOC charge; and (3) incidents that occur after the filing of the EEOC charge, which are similar to those alleged in the EEOC charge. *Id.; Butts v.*

**3.** Defendant incorrectly states those time periods as 181 and 95 days respectively.

*City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir.1993).

Courts have held, however, that where a plaintiff has filed an administrative complaint alleging retaliation for having filed a prior discrimination charge, the alleged discrimination is not "reasonably related" to the retaliation charge. For example, in *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir.1994), the court affirmed the district court's dismissal of the plaintiff's race discrimination claims, where the plaintiff filed her complaint within 90 days after receipt of a right-to-sue letter on her retaliation claim, but more than 90 days after receiving a right-to-sue letter on her prior discrimination charge. In so ruling, the court stated that the plaintiff's "claims of race discrimination are separate and distinct from her claims of retaliation." *Id.* at 223. The absence of any discrimination claim in the plaintiff's retaliation charge, the court added, "amounts to more than a mere technicality . . .," and the district court therefore properly granted summary judgment for the defendant on the discrimination claim. *Id.* Other courts have reached the same result in similar circumstances. *See, e.g., Lamas v. Freeman Decorating Co.*, 37 F.Supp.2d 1105, 1106 (N.D.Ill.1999) (stating that "retaliation and discrimination are unrelated as a matter of law," and noting that the plaintiff's EEOC retaliation charge "does mention his earlier national origin charge, but apparently only to show Freeman's motivation for allegedly retaliating against him"); *Lee v. Farmers Ins. Co.*, No. 90–21851, 1991 WL 80134, at *3 (D.Kan. April 15, 1991) (concluding that "plaintiff's claims of race discrimination [which were raised in his first EEOC complaint] are separate and distinct from his claims of retaliation," which were raised in his second EEOC complaint).

Likewise, in the case at bar, plaintiff's second administrative complaint asserts only a claim of retaliation. Her prior discrimination charge is mentioned, but only by way of background to show the alleged motive behind plaintiff's termination. I find, then, that plaintiff's discrimination claim in this action is not reasonably related to her retaliation charge, and that it is therefore time-barred.

## II. Plaintiff's Retaliation Claim

Plaintiff alleges that she was terminated in retaliation for her filing of the first EEOC complaint. Defendant contends that this claim should be dismissed because the undisputed facts show that plaintiff was terminated because she stopped reporting to work, and expressed her intention not to return to work, and because she had never completed her probationary employment period.

A plaintiff alleging retaliation in violation of Title VII has the initial burden of making out a prima facie case. To do so, plaintiff must show that: (1) she was engaged in an activity protected under Title VII; (2) the employer was aware of the plaintiff's participation in the protected activity; (3) the plaintiff was subject to an adverse employment action; and (4) there is a nexus between the protected activity and the adverse action taken. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir.1997). "If the plaintiff meets this burden and the defendant then points to evidence of a legitimate, nonretaliatory reason for the challenged employment decision, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir.2001).

Since defendant has proffered legitimate, nondiscriminatory reasons for terminating plaintiff, I will assume *arguendo* that she has made out a prima facie case.

I also find, however, that defendant is entitled to summary judgment, because plaintiff has not presented sufficient evidence to give rise to a genuine issue of fact about whether those proffered reasons are a pretext for retaliation.

Virtually the only evidence that plaintiff has offered to show that she was terminated in retaliation for the first EEOC complaint is that she was terminated *after she* filed that complaint. Courts have cautioned, however, against engaging in the logical fallacy of *post hoc, ergo propter hoc* (literally, "after this, therefore because of this") reasoning. *See, e.g., United States v. Judicial Watch, Inc.,* 371 F.3d 824, 829 (D.C.Cir.2004); *Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir.2000); *Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.,* 160 F.3d 177, 182 (4th Cir.1998); *Bermudez v. TRC Holdings, Inc.,* 138 F.3d 1176, 1179 (7th Cir. 1998); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1302 (3d Cir.1997); *Griffin v. Ambika Corp.,* 103 F.Supp.2d 297, 312 (S.D.N.Y.2000); *see also Vails v. the Police Dep't of the City of New York,* 54 F.Supp.2d 367, 378 (S.D.N.Y.1999) (collecting cases that establish the proposition that timing alone is insufficient to meet a plaintiff's burden of showing retaliation).

■ Plaintiff does not dispute that she never returned to work after June 28, 2000. Although she denies that she communicated to defendant her intention never to return, she does not allege that she expressed an intention *to* return. In addition, her physician stated on "Work Description/Medical Restriction/Capabilities" forms, which were apparently submitted to defendant, that he recommended that

4. Although plaintiff contends that she should have been deemed to have completed her probationary term, and that defendants wrongfully failed to credit her for her entire time of employment, the undisputed fact remains that defendant did consider plaintiff to

plaintiff "work in a different environment, different office," and that she "should be off work from [her] current job till she finds [a] different job or work." Defendant's Rule 56.2 Statement App., Ex. J. In light of these circumstances, and because there is no dispute that plaintiff was still considered a probationary employee,[4] and hence subject to dismissal for unsatisfactory performance, I conclude that no reasonable factfinder could rationally find that defendant was motivated by any retaliatory animus. 4 N.Y.C.R.R. § 4.5(b)(5); Chemung County Civil Service Rule XIV (Defendant's Rule 56.2 Statement App., Ex. 3(P)).

## CONCLUSION

Defendant's motion for summary judgment (Docket # 29) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

be a probationary employee at the time of her termination. Plaintiff's allegations concerning her probationary status relate not to her retaliation claim, then, but to her discrimination claim, which has been dismissed as untimely.