■ THOMAS L. SCOTT, Respondent, v ROBERT COOPER, Appellant. [640 NYS2d 248] —In an action to recover damages for defamation, the defendant Robert Cooper appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 22, 1994, which, *inter alia,* denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas L. Scott, the Chief of Police of East Hampton, commenced this action to recover damages for allegedly defamatory statements made by the defendant Robert Cooper, a Town Councilman in East Hampton, to two local newspapers. In the two newspaper articles, the defendant accused the plaintiff, *inter alia,* of misconduct regarding his official duties, racial discrimination, coverups of criminal activities, and corruption in managing the police department of East Hampton.

It is well established that in order for a public official to maintain a defamation action against a defendant, the public official, in this case the plaintiff must ultimately prove that the statements were false and were made with "actual malice"— that is, with the actual knowledge of their falsity or with reckless disregard as to whether they were true or false (*see, New York Times Co. v Sullivan*, 376 US 254, 279-280).

The challenged statements in both newspaper articles are reasonably susceptible of defamatory meaning since the statements tend to disparage the plaintiff in his profession. Therefore, dismissal of the action was properly denied (*see, Aronson v Wiersma*, 65 NY2d 592, 594).

The Supreme Court properly denied the defendant's motion for summary judgment since material issues of fact exist from which a reasonable juror could find actual malice with convincing clarity (*see generally, New York Times Co. v Sullivan, supra; Di Lorenzo v New York News*, 78 AD2d 669; *cf., Goldblatt v Seaman*, 225 AD2d 585). The affidavits submitted in opposition to the defendant's motion for summary judgment raise material issues of fact regarding the falsity of the defendant's statements and his knowledge that the statements were false. If the statements were made with actual malice or ill will, dismissal based on a qualified privilege would be precluded (*see generally, Liberman v Gelstein*, 80 NY2d 429; *Kamerman v Kolt*, 210 AD2d 454, 455).

Contrary to the defendant's contention, the statements do not constitute personal opinion since they could reasonably be found to contain assertions of objective fact which do not fall within the ambit of protected opinion (*see generally, Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 243, *cert denied* 500 US 954).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.