■ THOMAS L. SCOTT, Respondent, v ROBERT COOPER, Respondent, and THOMAS CLAVIN, Appellant. [642 NYS2d 935] —In an action to recover damages for defamation, the nonparty Thomas Clavin, appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 13, 1995, which (1) denied the branch of his motion which was to quash the plaintiff's deposition notice, and (2) granted the branch of his motion which was to quash the plaintiff's subpoena duces tecum only to the extent of directing that the records sought by the plaintiff's subpoena be produced for in camera inspection by the court for redaction of material not relevant to this case.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff, the chief of police of Town of East Hampton (hereinafter the Town), commenced this action to recover damages for allegedly defamatory statements made by the defendant, a Town councilman, to two local newspapers. The facts of this action have been fully set forth in two previous appeals which were decided by this Court (*see, Scott v Cooper*, 215 AD2d 368; *Scott v Cooper*, 226 AD2d 360).

The plaintiff moved for an order to depose Thomas Clavin, the newspaper reporter who wrote one of the challenged articles basing his need to depose Clavin on the defendant's deposition statements in which the defendant denied having made several of the challenged quotes attributed to him in the article, could not recall certain other statements attributed to him, and claimed that Clavin had altered certain other statements upon which the defamation action is based. The plaintiff also requested that the court issue a subpoena duces tecum in order to obtain documentary material which set forth the statements that the defendant made to Clavin in case Clavin was unable to recall specific statements. The court denied the branch of Clavin's motion which was to quash the deposition notice and granted the branch of the motion which was to quash the subpoena duces tecum only to the extent of directing an in camera inspection by the court to redact irrelevant material.

Civil Rights Law § 79-h (c) in pertinent part provides: "Qualified protection for nonconfidential news * * * no professional journalist or newscaster presently * * * employed * * * with any newspaper, magazine, news agency * * * shall be adjudged in contempt by any court in connection with any civil or criminal proceeding * * * for refusing or failing to disclose any unpublished news obtained or prepared by a journalist or newscaster in the course of gathering or obtaining news * * * unless the party seeking such news has made a clear and specific showing that the news: (i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source."

Since there is no dispute concerning the status of Thomas Clavin as a "professional journalist" or the fact that the information sought by the subpoena duces tecum is "unpublished news" it is left to the court to determine whether the plaintiff has made a clear and specific showing with respect to the statutory tripartite balancing test set forth above. The Supreme Court properly found that the resource materials which

contained "unpublished news" sought to be discovered under the subpoena duces tecum were discoverable as the material sought by the plaintiff is highly material, critical to the plaintiff's claim, and is not otherwise obtainable (*see, O'Neill v Oakgrove Constr.,* 71 NY2d 521, 527-529; *Matter of Sullivan v Hurley,* 167 Misc 2d 534, 537-538; *Matter of Subpoena Duces Tecum [Ayala],* 162 Misc 2d 108, 111-112).

Clavin's remaining contentions are without merit. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.