(April 30, 1997)

In the Matter of NATIONAL BROADCASTING CO., INC., et al., Appellants, v PEOPLE OF THE STATE OF NEW YORK et al., Respondents. [657 NYS2d 970] —In a proceeding pursuant to CPLR 2304 to quash subpoenas duces tecum, the petitioners, National Broadcasting Company, Inc., and Channel 12 News Long Island, appeal from an order of the County Court, Suffolk County (Weber, J.), dated March 25, 1997, which directed the production of the subpoenaed materials for in camera inspection.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Keila Pulinario has been charged with the murder of Imagio Santana in a criminal action entitled *People v Pulinario* under Suffolk County Indictment No. 2592/95. On March 5, 1997, defense counsel in that criminal action arranged for reporters from the National Broadcasting Company, Inc., and Channel 12 News Long Island (hereinafter referred to as NBC and Channel 12, respectively) to separately interview Pulinario in prison. Both interviews were recorded on videotape. Portions of the interviews, in which Pulinario admitted that she shot and killed Santana, were broadcast on the evening news. Thereafter, the prosecution served subpoenas duces tecum upon NBC and Channel 12 for production of the videotapes of the entire interviews with Pulinario. NBC and Channel 12 moved to quash the subpoenas, asserting that the prosecution failed to meet the three-pronged test set forth in Civil Rights Law § 79-h (c) so as to require the production of the so-called "out takes" of Pulinario's interviews.

Contrary to the contention of NBC and Channel 12, the prosecution has made a clear and specific showing, as required by Civil Rights Law § 79-h (c), that the unbroadcast news contains matter which is highly material and relevant, is critical or necessary to its claim, and is not otherwise obtainable *(see, O'Neill v Oakgrove Constr.,* 71 NY2d 521, 527-529; *Scott v Cooper,* 227 AD2d 463; *Matter of Sullivan v Hurley,* 167 Misc 2d 534; *Matter of Subpoena Duces Tecum [Caputo],* NYLJ, June 8, 1995, at 37, col 3; *People v Cheche,* 151 Misc 2d 15). Accordingly, NBC and Channel 12 must produce the videotapes for in camera inspection so that the County Court can make a determination as to whether any portions of the subpoenaed material do not meet the three statutory criteria and therefore should be withheld from the prosecution *(see, Scott v Cooper, supra; Matter of Subpoena Duces Tecum [Caputo], supra).* Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.