■ REGGIE RIVERA, Respondent, v LEON GREENBERG et al., Appellants. [663 NYS2d 628] —In an action, *inter alia,* to recover

damages for defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 9, 1996, as denied their cross motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendants' cross motion which was to dismiss the thirtieth cause of action, and substituting therefor a provision granting that branch of the cross motion and dismissing that cause of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

At several press conferences, the defendant lawyers announced that the plaintiff, a New York City police officer, sexually assaulted six of their clients, raped 100 other unidentified men, and was "a racist cop who must be arrested". The Supreme Court properly denied so much of the defendants' cross motion which was to dismiss the causes of action sounding in defamation. The defendants' statements are not privileged under Civil Rights Law § 74 since they were not "a fair and true report of * * * judicial proceeding[s]" (*Campbell v New York Evening Post,* 245 NY 320; *see, Ocean State Seafood v Capital Newspaper,* 112 AD2d 662; *Ramos v El Diario Publ. Co.,* 16 AD2d 915). In addition, the statements are not otherwise protected by the absolute immunity afforded participants in certain governmental proceedings (*see, Clark v McGee,* 49 NY2d 613; *Cheatum v Wehle,* 5 NY2d 585; *Kennedy v Cannon,* 229 Md 92; *Green Acres Trust v London,* 141 Ariz 609).

However, the Supreme Court should have dismissed the plaintiff's thirtieth cause of action, which alleges conspiracy to defame, since New York does not recognize civil conspiracy as an independent tort (*see, e.g., Chiaramonte v Boxer,* 122 AD2d 13).

The defendants' remaining contentions are without merit. Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.