**Romaine CRAWFORD–MULLEY, Plaintiff,**

v.

**CORNING INCORPORATED, Defendant.**

**No. 99–CV–6323L.**

United States District Court, W.D. New York.

Dec. 21, 1999.

Michael Sussman, Sussman Law Offices, Goshen, NY, for Plaintiff.

Joseph J. Schoellkopf, Jr., Damon & Morey, Buffalo, NY, Jill K. Schultz, Nixon, Peabody LLP, Rochester, NY, for Defendant.

*DECISION AND ORDER*

LARIMER, Chief Judge.

**Procedural Background**

Plaintiff, Romaine Crawford–Mulley ("Crawford–Mulley" or "plaintiff"), a former employee of defendant, Corning Incorporated ("Corning" or "defendant"), alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law ("H.R.L."), N.Y.Exec. Law § 296. Presently before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) on the grounds that the complaint is untimely, and plaintiff's cross-motion to amend her complaint to add a claim under 42 U.S.C. § 1981, pursuant to F.R.C.P. 15(a). For the following reasons, plaintiff's Title VII claims are dismissed, and this court reserves decision on plaintiff's cross-motion to amend.

## Factual Background

The following facts are not in dispute. Crawford–Mulley was formerly employed by Corning as an employee-at-will. She claims that Corning terminated her in September 1998. On September 15, 1998, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and retaliation.

At plaintiff's request, the EEOC issued a "right-to-sue" letter to plaintiff on April 21, 1999. That letter instructed plaintiff that any lawsuit she may wish to file "under Title VII ... **must be filed in federal court *WITHIN 90 DAYS* of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost." (Emphasis in original).

Plaintiff admits that both she and her counsel received the "right-to-sue" letter from the EEOC on April 23, 1999. (Complaint, ¶ 5; Affidavit of Michael Sussman, sworn to September 17, 1999, ¶ 3).

The complaint bears a stamp of the District Court Clerk that it was "Filed" on July 27, 1999, ninety-five days after plaintiff received her "Right to Sue" letter from the EEOC. In an *ex parte* letter, dated July 30, 1999[1], from plaintiff's counsel to the court, plaintiff's counsel admitted that his office mailed the summons and complaint to the federal courthouse in Buffalo, New York, and that "[t]he docket clerk in Buffalo received the summons and complaint on July 27, 1999," the same date those papers were filed. In that same letter, plaintiff's counsel requested that I "order the complaint back filed effective July 16, 1999, which allows for one week

for mailing." I promptly denied that *ex parte* application.

## DISCUSSION

### 1. Corning's Motion to Dismiss

The first issue before the court may be simply stated: Did plaintiff commence this action within ninety days of her receipt of the right-to-sue letter issued by the EEOC?

■ The applicable law is well-settled. Under Title VII, an aggrieved person has ninety days following the issuance of a right-to-sue letter in which to commence an action. 42 U.S.C. § 2000e–5(f)(1). An action is commenced by filing a complaint with the court. F.R.C.P. 3. An action not filed within ninety days must be dismissed, absent the application of equitable tolling. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984).

The parties do not dispute the existence or applicability of the ninety-day filing requirement, but, on the facts of this case, they disagree as to whether plaintiff satisfied the filing requirement based upon plaintiff's assertion that her attorney mailed the complaint eighty days after plaintiff received her right-to-sue letter, with what plaintiff believes was sufficient time for the mail to be delivered to the federal courthouse.

Crawford–Mulley's position on this issue appears to be based upon her speculation that "administrative delays, at either the Post Office, the Clerk's Office or both" (Plaintiff's Memorandum, p. 1) absolves plaintiff of her clear failure to file her complaint within ninety days of her receipt of her right-to-sue letter. In essence,

1. Although plaintiff's papers opposing Corning's motion provide that the right-to-sue letter was received on April 23rd and the complaint was mailed on July 12th, curiously, plaintiff's counsel represented in his July 30, 1999 correspondence that the right-to-sue letter was received on April 26th and the complaint was mailed on July 9th, ostensibly reducing by six the number of days between plaintiff's receipt of her right-to-sue letter and

the purported mailing of the complaint. While the obvious disparities between that which is contained in the July 30 letter and that which is contained in the subsequently filed papers do not alter the outcome, they are nonetheless troubling to the court, to the extent that they suggest either a lack of candor, or a lack of attention to detail, or confusion about what did in fact occur.

plaintiff seeks an order that her complaint be deemed to have been filed at some point prior to the date that it was received by the court and stamped as "Filed." Plaintiff also maintains that any delay was due to actions beyond the control of plaintiff and her counsel. (Plaintiff's Memorandum, p. 6).

■ For several reasons, plaintiff's requests must be denied. First, plaintiff's unsupported speculation that there was any administrative delay at the district court clerk's office is contradicted by plaintiff's counsel's July 30, 1999 letter to the court, in which plaintiff's counsel appeared to maintain that the complaint was filed on the same day that it was received by the docket clerk. In addition, plaintiff's contention that the delay was due to actions beyond her or her attorney's control is simply incorrect. Plaintiff had ninety days in which to see that her complaint was filed at the court. Either plaintiff or her attorney could have sent her complaint by overnight mail, or sent it earlier than the eightieth day after she received her right-to-sue letter, or at least called the clerk's office to confirm filing prior to the expiration of the filing period, and taken the necessary steps if it had not. Plaintiff does not allege that either she or her attorney did any of these things.

■ It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline. *See, e.g., U.S. v. White,* 980 F.2d 836, 845 (2d Cir.1992) (holding that filing requires delivery of papers into the actual custody of the clerk); *U.S. v. 1979 Cadillac Sedan Deville,* 793 F.Supp. 492, 493–494 (D.Vt.1992) (holding that filing "carries the meaning not of sending papers, but of delivery into the actual custody" of the clerk) (internal quotation marks omitted); *see also Ortiz v. County of Orange,* 152 F.3d 928 (9th Cir.1998); *Haney v. Mizell Memorial Hospital,* 744 F.2d 1467, 1472

(11th Cir.1984) (notice of appeal is deemed filed when it is received by clerk, and that "simply depositing the notice in the mail is not the same as filing it,"); *McIntosh v. Antonino,* 71 F.3d 29, 36 (1st Cir.1995) (action is not filed until received by the court); *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir.1989) (when complaint is mailed to the clerk's office, it is filed when received); *U.S. v. Doyle,* 854 F.2d 771, 773 (5th Cir.1988) ("the timeliness of the act of filing with a district clerk is not subject to mail delay"); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir.1986) ("[f]ilings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline"); F.R.C.P. 5(e).

There is no question that this action is untimely. That is readily apparent from the face of the complaint, in which plaintiff admits in paragraph 5 that "[i]n or about April 23, 1999" both she and her counsel received her right-to-sue letter. That letter clearly warned plaintiff that she had only ninety days from her receipt of that notice to file suit under Title VII, or, otherwise, her right to sue based on her charge would be lost. This action was filed on July 27, 1999, ninety-five days after Crawford–Mulley herself admits having received that notice.

Although "the 90–day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp., supra,* 731 F.2d at 146 (dismissing complaint filed ninety-seven days after receipt of notice of right-to-sue) (quoting *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982)). Indeed, courts have dismissed actions that were filed on the ninety-first day after receipt. *See, e.g., Peete v. American Std. Graphic,* 885 F.2d 331, 332 (6th Cir.1989); *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652 (4th Cir.1987); *Moscowitz v. Brown,* 850 F.Supp. 1185, 1192 (S.D.N.Y. 1994).

Plaintiff also argues that equitable tolling is warranted because of what she refers to as "possible handling delays." (Plaintiff's Memorandum, p. 3). The Supreme Court, however, has cautioned against too freely tolling the ninety-day period, stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (upholding dismissal of complaint due to plaintiff's failure to file within ninety days of receipt of right-to-sue).

The equitable considerations that have been recognized as justifying tolling the limitations period have been applied sparingly. The Supreme Court in *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), stated that equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" (footnotes omitted). Tolling may also be appropriate where the EEOC's notice did not adequately inform the plaintiff of the ninety-day time limit, where a motion for appointment of counsel is pending, or where the court has led the plaintiff to believe that she has satisfied the statutory prerequisites to suit. *Baldwin County Welcome Center, supra*, 466 U.S. at 151, 104 S.Ct. 1723. Courts have been much less forgiving in receiving late filings, however, "when the claimant failed to exercise due diligence in preserving his legal rights." *Irwin, supra*, 498 U.S. at 96, 111 S.Ct. 453.

The rationale behind the reluctance of courts to apply equitable tolling broadly is that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded adminis-tration of the law." *Baldwin County Welcome Center v. Brown, supra*, 466 U.S. at 152, 104 S.Ct. 1723 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

Moreover, the fact that plaintiff was represented by counsel during the ninety day period severely undermines plaintiff's request for the application for equitable tolling. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109–110 (2d Cir.1978) (regarding charge-filing period). Indeed, in *Downie v. Elec. Boat Div.*, 504 F.Supp. 1082 (D.Conn.1980), the district court for the District of Connecticut observed, with respect to the charge-filing period, that:

> [t]olling is inappropriate when the plaintiff is represented by counsel during the statutory filing period. When one has retained counsel within the period in question, he has 'access to a means of acquiring knowledge of his rights and responsibilities ...' (citations omitted).

*Id.* at 1086; *see also Morse v. Daily Press, Inc.*, 826 F.2d 1351, 1353 (4th Cir.1987) (retaining an attorney extinguishes the equitable reasons for tolling ADEA charge-filing period). Plaintiff's counsel's assertion that he has "handled more than 200 Title VII suits and [is] intimately familiar with the filing deadlines imposed by that statute" (Sussman Aff., ¶ 2) illustrates that tolling is inappropriate in this case.

Although there may be situations in which equitable tolling may be appropriate, this is not one of those situations. In essence, Crawford–Mulley's primary argument was that her complaint was timely filed or should be deemed timely filed because her counsel mailed it prior to the expiration of the ninety day period. That does not justify equitable tolling, and there are no facts in the record that would otherwise justify that doctrine's application. Thus, Crawford–Mulley's Title VII claims are untimely and must be dismissed.

**370**

## 2. Plaintiff's Cross–Motion to Amend

The district courts within the Second Circuit are divided on the issue of whether an employee in an at-will employment relationship may sue her employer under the provision of 42 U.S.C. § 1981 that guarantees equal rights "to make and enforce contracts" for persons of all races. *Compare, e.g., Lauture v. International Bus. Machines Corp.,* 98–CV–4882 (S.D.N.Y. May 25, 1999), *Sutherland v. New York State Dep't of Law,* 96–CV–6935, 1999 WL 314186, * 10–11 (S.D.N.Y. May 19, 1999); *Bascomb v. Smith Barney Inc.,* 96–CV–8747, 1999 WL 20853, *4 (S.D.N.Y. Jan.15, 1999); *Simpson v. Vacco,* 96–CV–3916, 1998 WL 118155, *8 (S.D.N.Y. March 17, 1998); *Moorer v. Grumman Aerospace Corp.,* 964 F.Supp. 665, 675–676 (E.D.N.Y.), *aff'd,* 162 F.3d 1148 (2d Cir. 1998) (unpublished opinion); *Moscowitz v. Brown,* 850 F.Supp. 1185, 1192–93 (S.D.N.Y.1994); *Askew v. May Merchandising Corp.,* 87–CV–7835, 1991 WL 24390, *5–6 (S.D.N.Y. Feb.20, 1991) *with, e.g., Blake–McIntosh v. Cadbury Beverages, Inc.,* 96–CV–2554, 1999 WL 643660, *3–4 (D.Conn. Aug.18, 1999); *Dew v. Health Ins. Plan,* 97–CV–7006, 1999 WL 684158, *2–4 (E.D.N.Y. July 15, 1999); *Lazaro v. Good Samaritan Hosp.,* 54 F.Supp.2d 180, 184–185 (S.D.N.Y.1999); and *Curtis v. DiMaio,* 46 F.Supp.2d 206, 210–212 (E.D.N.Y.1999).

Although certain other circuits have addressed the issue, *see Perry v. Woodward,* 188 F.3d 1220 (10th Cir.1999); *Spriggs v. Diamond Auto Glass,* 165 F.3d 1015 (4th Cir.1999); *Fadeyi v. Planned Parenthood Assoc. of Lubbock, Inc.,* 160 F.3d 1048 (5th Cir.1998), and *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025 (7th Cir. 1998) (*dicta* ), the Second Circuit has not yet published an opinion [2] on this precise issue. However, the issue is one that is presently pending before the Second Circuit. *See Lauture v. International Bus.*

*Machines Corp.,* No. 99–7732 (2d Cir. docketed June 21, 1999). The appeal in *Lauture* has been fully briefed. I have reviewed those briefs and the issue before me is squarely presented to the Court of Appeals. Argument of the appeal in *Lauture* is currently scheduled for January 3, 2000.

Because a statement from the Second Circuit will benefit the parties, and in the interest of judicial economy, I will reserve decision of plaintiff's cross-motion to amend for a reasonable time pending the anticipated determination of the Second Circuit in *Lauture.*

In light of the aforementioned, all discovery in this matter is stayed pending further order from this court.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dkt.# 2) is granted to the extent that plaintiff's Title VII claims are dismissed in their entirety with prejudice. This court reserves decision on plaintiff's cross-motion to amend (Dkt.# 6). All discovery in this matter is stayed pending further order from this court.

IT IS SO ORDERED.

---

**2.** In the unpublished opinion in *Moorer v. Grumman Aerospace Corp.,* 162 F.3d 1148, (2d Cir.1998), the Second Circuit affirmed, without detailed discussion, a district court decision that addressed, *inter alia,* this issue. 964 F.Supp. 665, 675–676 (E.D.N.Y.1997).